IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:19-cr-00112-K |
| | § | |
| CENGIZ JAN COMU(1) | § | |

## **ORDER**

Defendant Cengiz Jan Comu has filed a Motion for Reconsideration of the November 8, 2019 Order revoking his pretrial release. Mot. (ECF No. 162). The government filed a response, and, with leave of Court, Defendant filed a reply. The undersigned magistrate judge held a hearing on the Motion on December 17, 2019. Counsel for the Government, Defendant, and Defendant's counsel all appeared at the hearing. Both parties submitted evidence, and a United States Postal Inspector testified for the Government. The magistrate judge took the matter under advisement while counsel and Defendant's pretrial supervising officer collected additional information. Having reviewed the Motion, the Government's response, Defendant's reply, the evidence submitted at the hearing, the additional information provided by the pretrial supervising officer, and the supplemental materials filed by the parties, the Court DENIES the Motion.

As a preliminary matter, the parties dispute the legal standard under which the Court may consider Defendant's Motion. Generally, "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the

1

order." 18 U.S.C. § 3145(b). When reviewing the magistrate judge's detention order, the district court makes an independent, *de novo* determination of the proper pretrial detention or conditions for release. *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). But here, Defendant did not file a motion under § 3145(b). Instead, Defendant filed a motion asking the magistrate judge to reconsider the November 8, 2019 Order revoking his pretrial release. Defendant acknowledges that motions for reconsideration "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure," but nonetheless asks the magistrate judge to invoke the Court's inherent power to reconsider the earlier decision to revoke his pretrial release. Mot. 1 (citing *United States v. Williams*, 2019 WL 2161648, at *2 (N.D. Tex. May 16, 2019) (internal quotations omitted)). *Williams* provides some authority for the proposition that a magistrate judge has jurisdiction to reconsider a detention order, but to the extent the Court has such authority, the Court DENIES Defendant's request to vacate its finding that Defendant violated his conditions of release and order him released pending trial.

The Court rejects Defendant's new arguments that his conduct did not constitute "advising on the purchase or sale of securities" and thus did not violate his conditions of release. Defendant's conditions of release, specifically including the condition that prohibits Defendant from "selling, promoting[,] or advising on the purchase or sale of securities," were clear, unambiguous, and—contrary to Defendant's assertion—not subject to interpretation. Indeed, Defendant never

2

expressed any confusion about this condition until he was confronted with clear and convincing evidence that he actively negotiated two proposed transactions that contemplated the promotion and sale of EarthWater securities in violation of his conditions of release. Defendant's insistence that his conduct did not violate those conditions, or that he did not believe his conduct violated those conditions, is unavailing.

The Court also rejects Defendant's new arguments that there are conditions of release that can reasonably assure his appearance as required and the safety of the community. Defendant has shown he is unlikely to abide by any conditions of release. The Court initially ordered Defendant released on conditions. Defendant signed the Order setting his conditions, acknowledging his understanding of the conditions and of the consequences for not complying with them. Still, Defendant violated those conditions. And because Defendant violated his conditions of release, the Court finds he is unlikely to comply with conditions of release in the future. *See United States v. Stuart*, 784 F. App'x 186, 189-90 (5th Cir. 2019) (per curiam) (affirming district court's decision to deny defendant's motion to revoke her detention order, in part because defendant's violation of the conditions of her release for which she understood the consequences suggested she was unlikely to comply with those conditions, or any amended conditions, in the future).

Finally, Defendant argues that his current medical condition constitutes a material change of circumstances which weighs in favor of release. Specifically, Defendant argues that he suffered a severe eye injury in March 2018, which

3

necessitated emergency surgery on October 22, 2019, and now requires continuing post-operative care from his ophthalmologist and retinal specialist. At the December 17, 2019 hearing, Defendant represented that he had been denied critical post-operative care since he had been in custody and that he was at risk of permanently losing vision in his right eye if his detention was not revoked. Concerned about this alleged risk, the Court took the Motion under advisement to determine whether release to home incarceration was appropriate to address his medical needs. While the motion was under advisement, Defendant was transferred to the Dallas County Jail, where he will have access to post-operative retinal care and treatment from an ophthalmology specialist at Parkland Health and Hospital System. Additionally, Defendant's treating physician, Dr. Rajiv Anand, confirmed that he could provide post-operative care to Defendant while Defendant is in custody. In view of all the evidence available, the Court finds that Defendant's current medical condition does not weigh in favor of release. This finding is consistent with Dr. Anand's affidavit, in which Dr. Anand states that his opinion is only that "[Defendant's] eye will need frequent follow-up examinations by a physician equal to or superior to [Dr. Anand] in training, experience, and skill;" "an ophthalmology examination should be done at regular intervals with a[n] ophthalmology specialist;" and Defendant "should be examined at regular intervals and treated as warranted." Other than Defendant's self-serving assertion that his eye is "no longer improving" and he is "now experiencing complications," there is no reliable medical evidence before the Court that Defendant is currently

4

...

suffering from a specific, exigent condition or complication that cannot be adequately treated while he is in custody—either at Parkland or by Dr. Anand.

For the reasons stated, the Court DENIES Defendant's Motion for Reconsideration.

SO ORDERED.

Dated: December 23, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE