IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff | § | DOCKET NO. 3:19-CR-00112-K |
| | § | |
| v. | § | |
| | § | |
| CENGIZ JAN COMU, | § | |
|     Defendant | § | |

## DEFENDANT'S NOTICE TO THE COURT REGARDING DOCKET NO. 213

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, Cengiz Jan Comu, and respectfully submits this Notice to the Court Regarding Docket No. 213 and in support thereof would show the Court as follows:

On January 3, 2020, the Defendant filed his Motion for Review and Revocation of Magistrate Judge's Order of Detention and Appeal of Magistrate Judge's Order Denying Defendant's Motion for Reconsideration (hereafter "Motion for Review and Revocation") (Dkt. No. 213). A major focus of that motion was the ongoing issue of the Defendant's medical condition (retinal detachment with proliferative vitreoretinopathy) and his ability to obtain critical medical treatment for that condition while in custody. Since the filing of that motion, the undersigned has become aware of subsequent developments regarding the care available to the Defendant. Accordingly, in the interest of full candor, the Defendant submits this notice in order to provide the Court with the most accurate and up to date information reasonably available.

Specifically, the undersigned has just recently learned that the Defendant was transported to Parkland Health and Hospital System (hereafter "Parkland") on January 8, 2020 for an evaluation of his right eye. During that visit, the Defendant reports that he was seen by an ophthalmologist who examined the affected eye and prescribed two new medications (one to be

administered twice daily, the other four times daily) to treat some of the Defendant's symptoms. After examining the Defendant's eye, the doctor explained to the Defendant that while the most recent surgery appears to be "holding," he was unable to determine what is causing the continued decline in the Defendant's vision. Although there is certainly no guarantee that Dr. Anand, by contrast, would be able to determine the cause of this concerning symptom, there is certainly the possibility that he could, particularly given his experience with the Defendant as a patient, etc. Allowing the Defendant to be released to home confinement would allow him at least the chance to see whether Dr. Anand could diagnose the cause of this continuing decline in vision (and hopefully stop it from progressing further). With such a critically important organ at stake, the need to identify and treat the cause of this symptom is of vital importance.

Moreover, it is significant that this visit was the eventual result of an "emergency/urgent" request for medical treatment submitted by the Defendant on December 31, 2019. Despite the urgent nature of that request, however, the Defendant did not actually receive the requested medical treatment until eight (8) days later. Based upon the information given to the Defendant by the staff of the Dallas County Jail, this is the standard procedure for any "emergency/urgent" requests for medical treatment, which routinely take anywhere from a few days up to two weeks to be completed. Additionally, the Dallas County Jail has not changed its position that the Defendant will not be permitted to obtain treatment from Dr. Anand at any point while in their custody.

As this Court is well aware, the Defendant's condition is such that complications could arise suddenly, without warning, requiring eye surgery at short notice. *See, e.g.,* Motion for Review and Revocation, at 7–8 (Dkt. No. 213); Exhibit 2, at 2–3 (Dkt. No. 213-2); Exhibit 3, at 2 (Dkt. No. 213-3). Furthermore, if such complications are not treated promptly and properly, they could

result in severe and permanent ramifications, including glaucoma and/or loss of vision. *Id.* As such, even with the Defendant now having been afforded one visit to Parkland (after more than two months in custody), it still cannot be said that he has reasonable access to critical medical care.

In short, even aside from the fact that he is completely unable to obtain treatment from Dr. Anand (*who actually performed the two most recent surgeries, is well-versed in the Defendant's medical history, and specializes specifically in the diagnosis and surgical management of diseases of the retina and vitreous*), the Defendant further remains without access to any immediately available ophthalmic evaluation or treatment, leaving him without recourse should he encounter any further complications, which could require urgent medical treatment or even eye surgery. Taking into consideration the procedure employed by the Dallas County Jail, as outlined above, it is entirely unreasonable to believe that the Defendant would be able to obtain prompt or even relatively quick access to medical treatment should any further complications arise while he is in custody. As such, while the undersigned is grateful that after more than two months in custody, the Defendant has finally been able to secure a visit to Parkland, **that one visit is by no means sufficient to resolve the significant need for his release.**

Accordingly, the Defendant continues to respectfully submit that releasing him subject to home incarceration and other conditions as ordered by the Court, for the express and limited purpose of allowing him to receive treatment from Dr. Anand, *including the critical ability to obtain timely and adequate treatment in the event of a time-sensitive complication*, would be in the best interests of justice, while still providing reasonable assurance of his appearance and protection of the community.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully submits the foregoing updated information for the Court's consideration with respect to the Defendant's Motion for Review and Revocation of Magistrate Judge's Order of Detention and Appeal of Magistrate Judge's Order Denying Defendant's Motion for Reconsideration (Dkt. No. 213).

        Respectfully submitted,

        /s/ Daniel K. Hagood, P.C.

**DANIEL K. HAGOOD, P.C.**
Texas Bar No. 08698300
2515 McKinney Avenue
Chateau Plaza, Suite 940
Dallas, Texas 75201
214.720.4040 telephone
214.237.0905 facsimile
dhagood@sorrelshagood.com

**BRIAN D. POE**
Texas Bar No. 24056908
Brian D. Poe, Attorney PLLC
909 Throckmorton Street
Fort Worth, TX 76102
817.870.2022 telephone
817.977.6501 facsimile
bpoe@bpoelaw.com

**ALEXANDRA HUNT**
Texas Bar No. 24095711
2515 McKinney Avenue
Chateau Plaza, Suite 940
Dallas, Texas 75201
214.720.4040 telephone
214.237.0905 facsimile
ahunt@sorrelshagood.com

COUNSEL FOR DEFENDANT COMU

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 13th day of January, 2020, a true and correct copy of the foregoing document was filed with the Clerk of the Court for the United States District Court, Northern District of Texas using the electronic case filing system, which provides for service upon all counsel of record.

                                                    */s/ Daniel K. Hagood, P.C.*
                                                    Daniel K. Hagood, P.C.