IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CENGIZ JAN COMU (01)<br>JOHN MERVYN PRICE (02)<br>HARLEY E. BARNES, III (03)<br>SUZANNE AILEEN GAGNIER (07)<br>JOE EDWARD DUCHINSKY (08)<br>JOSEPH LUCIEN DUPLAIN (09)<br>RUSSELL FILIPPO (10) | Criminal No.<br>3:19-CR-112-K |

### MOTION FOR AN ORDER AUTHORIZING THE GOVERNMENT'S FILTER TEAM TO DISCLOSE MATERIAL TO THE DEFENDANTS AND THE GOVERNMENT'S PROSECUTION TEAM

The Government respectfully moves for an order authorizing the Government's filter team to disclose to the defendants and the Government's prosecution team material belonging to EarthWater Limited and its wholly-owned subsidiaries (collectively "EarthWater"). Based on the Government's investigation, EarthWater is defunct and no plausible claim of attorney-client privilege survives. Accordingly, the Court should issue an order allowing the Government's filter team to produce any material in its possession belonging to EarthWater to the defendants and the Government's prosecution team, including all information previously withheld as potentially privileged material belonging to EarthWater. Such an order will ensure the Government can comply with any discovery-related obligations that may attach to the material and expedite the parties' trial preparation.

**U.S. v. Comu, et. al**
**Motion to Disclose Material to Defendants and Prosecution Team- Page 1**

## I. BACKGROUND

The defendants are charged with carrying out a wide-ranging fraud scheme through the sale of EarthWater stock. On May 6, 2019, the Government executed a search warrant at EarthWater's office at 16220 Midway Road in Addison, Texas. Thousands of pages of physical records and several electronic devices were recovered. In addition, throughout the investigation leading to the indictment in this case, the Government has executed search warrants on several of the defendants' email accounts and personal devices. Because some of the defendants used their personal email accounts and/or devices to conduct EarthWater business, the Government also recovered EarthWater records from these accounts and devices as well.

To protect the attorney-client privilege, a Government filter team conducted a review of any material seized pursuant to a warrant for potentially privileged information and withheld any such information it found from the Government's prosecution team. The materials the filter team withheld from production to the prosecution team included not only material that reflected potentially privileged communications between the defendants and any known individual counsel, but also material reflecting potentially privileged communications between EarthWater employees and any of EarthWater's purported corporate counsel. Because, while it still existed, any privilege EarthWater held belonged to the company and not to any of the individual defendants, the filter team has not yet provided any of the latter material to any of the defendants in this case. To date, the Government's filter team has withheld over 49,000 documents as the potentially privileged

material of EarthWater. Due to the significant volume of data obtained from EarthWater's offices, however, the filter team's review is still ongoing with respect to a substantial portion of the evidence recovered there and none of the material still under review has been produced to the defendants. An order allowing the Government's filter team to produce any previously potentially privileged information will thus expedite production of this remaining material to the defendants.

### A.     Relevant Corporate Entities

The investigation has revealed that EarthWater was comprised of a parent corporation, EarthWater Limited, and its wholly-owned subsidiaries, all operating as a single entity, i.e., the various entities were "alter egos."[1]  According to a private placement memorandum (PPM), dated January 1, 2019, EarthWater's corporate structure was as follows:  EarthWater Limited was a United Kingdom company headquartered in Addison, Texas, with five wholly-owned subsidiaries named EarthWater Inc., EWB International Inc., FulHum Inc., FulHum Global Inc., and Zenful Inc.   Ex. A at DOJ-EW-0000009511.[2]

---

[1] Alter ego corporations are routinely treated as a single entity.  *See United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 691-92 (5th Cir. 1985) (finding a parent and subsidiary were "alter egos" such that the parent was liable for paying back the subsidiary's fraudulently obtained funds); *United States v. Gross*, 26 F.3d 552, 555-56 (5th Cir. 1994) (finding a defendant and his corporation were "alter egos" such that the corporation could not be considered a separate "participant" in the defendant's crimes).

[2] Defendant Cengiz Jan Comu sent the PPM on July 16, 2019, to an individual with whom he was attempting to enter a stock deal, Ex. B, suggesting that the corporate structure in January 1, 2019, continued to exist at least through mid-July 2019.

EarthWater Limited, EWB International Inc., Zenful Inc., and an entity not identified in the PPM, FulHum Global LLC, are registered in Texas. All have a recorded address at 16220 Midway Road, Addison, Texas—the same address at which the May 6, 2019, search was conducted. Exs. C-F. EarthWater Inc. and FulHum, Inc. are registered in Wyoming. FulHum Inc. has the same recorded address as the Texas entities; EarthWater Inc. has a registered location at 15455 Dallas Parkway in Addison, Texas, which was EarthWater's prior office location. Exs. G-H. An additional entity is registered in Nevada under the name FulHum Global Inc., but no documents identifying an address, officers, or any other information about the corporation has been filed since its incorporation. Exs. I-J.

Despite their technically separate corporate forms, all of the entities—to the extent some of the subsidiaries existed beyond the mere filing of incorporation documents, *see Gilliland v. Geramita*, 2006 WL 2642525, at *2 (W.D. Pa. Sept. 14, 2006) (noting that a corporation's existence must be determined by practical business realities rather than "technical legal status")—shared daily operations, did not keep separate books, and did not retain separate assets. Moreover, they were controlled by the same group of individuals. The January 1, 2019, PPM identified defendant Cengiz Jan Comu as EarthWater Limited's Founder, Chairman, and CEO and defendant Harley E. Barnes, III as its CFO and an inside director. Ex. A at DOJ-EW-0000009537-38. Publicly-available corporate filings establish that Comu and Barnes also controlled EarthWater Limited's wholly-owned subsidiaries:

| Entity | Officers | Directors |
|---|---|---|
| EarthWater Limited (Texas) | Cengiz J. Comu (CEO) Harley E. Barnes III (CFO) | Cengiz J. Comu Harley E. Barnes III |
| EarthWater Limited (U.K.) | None | Cengiz J. Comu Harley E. Barnes III[3] |
| EWB International Inc. (Texas) | None | Cengiz J. Comu (as Chairman and Director) Harley E. Barnes III Don Frey |
| Zenful Inc. (Texas) | None | Cengiz J. Comu (as Chairman and Director) Harley E. Barnes III |
| FulHum Global LLC (Texas) | No report identifying officers ever filed. | No report identifying directors ever filed. |
| FulHum, Inc. (Wyoming) | Cengiz J. Comu (President) | Cengiz J. Comu |
| EarthWater Inc. (Wyoming) | Cengiz J. Comu (President) | Cengiz J. Comu |
| FulHum Global Inc. (Nevada) | None | None |

*See* Exs. J, K-Q.

### B. EarthWater Is Defunct

All of EarthWater's directors and officers have resigned and EarthWater has ceased operations. Accordingly, it is defunct.

Defendant Comu filed a letter with this Court, dated November 21, 2019, resigning from "all roles, titles, and/or positions which I have held at EarthWater, Ltd." ECF 162-1 at 2. Barnes submitted a request for unemployment to EarthWater's payroll processor

---

[3] Three other directors filed resignations between 2015 and 2019. Ex. L.

on June 6, 2019, citing "permanent layoff." Ex. R.[4] In addition, the January 1, 2019, PPM identified Comu's friend and longtime business associate, Don Frey, as EarthWater Limited's sole independent director and Barnes's girlfriend, Beth DeGroot, as EarthWater Limited's Vice President. Ex. A at DOJ-EW-0000009537-38. Frey resigned from EarthWater on June 18, 2019. Ex. S. And DeGroot, who purportedly was promoted to President following Comu's and Barnes's indictment, resigned from "EarthWater and all affiliated companies, boards, subsidiaries, etc." on June 21, 2019. Ex. T.[5]

The Government's investigation has not revealed any other individual who has replaced the officers and directors who resigned from EarthWater. On January 10, 2020, the government interviewed EarthWater's last known attorney, who later provided additional information by email. The attorney informed the government that, as far as he was aware, EarthWater had closed its doors. Ex. U. He stated that Comu, Barnes, DeGroot, and Frey were the company's officers and directors and that he was unaware of anyone else trying to run EarthWater.[6] Indeed, when Ward Capital, an EarthWater victim

---

[4] In addition to the redactions required by the Local Rules, the Government has redacted from the exhibits the identifying information of witnesses who are not charged and who were never part of the management of EarthWater. The Government will provided unredacted copies of the exhibits to the defendants separately.

[5] As the Court knows, DeGroot was separately indicted for obstruction of justice on October 9, 2019. *United States v. DeGroot*, 3:19-cr-521-K, ECF No. 1 (N.D. Texas).

[6] During his interview, the attorney indicated that he believed defendant Richard Laurence Green had been an EarthWater director. The Government, however, has no information suggesting Green was ever a director of any EarthWater entity. Further, Green has pled guilty in this case, ECF No. 144, and is no longer involved with EarthWater

**U.S. v. Comu, et. al**
**Motion to Disclose Material to Defendants and Prosecution Team- Page 6**

and creditor, sued EarthWater Limited on September 11, 2019, Ex. V, and effected service on the attorney, who was also EarthWater Limited's registered agent, on January 10, 2020, Ex. W, the attorney forwarded the complaint to no one other than Comu, Barnes, and DeGroot, Ex. U.   The attorney notified the Government that his firm has since submitted documentation to the Texas Secretary of State to remove him as the registered agent of EarthWater Limited.   Ex. X.   Publicly available records reflect that no one else has filed as EarthWater Limited's registered agent, and as of the date of this filing, EarthWater Limited has not answered Ward Capital's complaint and the complaint has not been served on any other individual or entity.   *See* Ex. Y.

That EarthWater has ceased operations with no one at the helm is further confirmed by the fact that none of the corporate entities appear to have maintained an ability to conduct their ordinary business in the states in which they are registered.   All of the U.S. entities have been placed in inactive status, as described in the table below:

| **Entity** | **State of Registration** | **Entity Status as of January 27, 2019** |
|---|---|---|
| EarthWater Limited | Texas | Right to Transact Business in Texas: Forfeited[7] |
| Zenful Inc. | Texas | Right to Transact Business in Texas: Forfeited |
| FulHum Global LLC | Texas | Right to Transact Business in Texas: |

---

in any capacity.

[7] Under Texas law, a taxable entity's ability to conduct business is "forfeited" if it fails to file required reports regarding corporate structure and taxable status or fails to make necessary tax payments, even after receiving notice of forfeiture.   V.T.C.A., Tax Code § 171.250.

|  |  | Forfeited |
|---|---|---|
| EWB International Inc. | Texas | Right to Transact Business in Texas: Forfeited |
| FulHum, Inc. | Wyoming | Inactive – Administratively Dissolved (Tax)[8] |
| EarthWater Inc. | Wyoming | Inactive – Administratively Dissolved (Tax) |
| FulHum Global Inc. | Nevada | Revoked |

Exs. C-I.  The Wyoming entities' tax standing is also listed as "Delinquent." Exs. G-H.

Moreover, information available from the Texas, Wyoming, and Nevada secretaries of state reflect that none of the EarthWater entities have met their most recent reporting requirements.  The Texas entities are required to file reports each year identifying the names and addresses of the corporation's officers, directors, managers, or members.[9] EarthWater Limited, EWB International, and Zenful, Inc. have not filed their 2019 reports, *see* Exs. K, M-N (noting the last report was filed in 2018), and FulHum Global LLC, which was registered in Texas in 2018, has never filed one, Ex. O.  Similarly, the Wyoming entities have not filed any annual reports for 2019, *see* Ex. G at 2 (Annual Report History); Ex. H at 2 (same), and despite receiving notice that it was required, *e.g.*, Ex. Z, the Nevada entity appears to have never filed any reports at all, *see* Ex. J.

---

[8] Under Wyoming law a corporation can be administratively dissolved by the Secretary of State where the corporation does not deliver annual reports or pay the annual license taxes when due.  W.S. 17-16-1420.

[9] *See* "Management and Ownership FAQs," *Texas Sec. of State*, available at https://www.sos.state.tx.us/corp/managementinfofaqs.shtml#mgmt3 (last accessed Jan 27, 2020).

**U.S. v. Comu, et. al**
**Motion to Disclose Material to Defendants and Prosecution Team- Page 8**

Publicly available information from the United Kingdom's registrar of companies reflects the status of the U.K. entity of EarthWater Limited as "Active – Active proposal to strike off." Ex. AA. On July 9, 2019, a notice of compulsory strikeoff was filed indicating that "unless cause is shown to the contrary, at the expiration of 2 months from the above date the name of EarthWater Limited will be struck off the register and the company will be dissolved." Ex. BB. Even though the strikeoff has been suspended for the time being, Ex. CC, the company is listed as having "accounts overdue" since October 25, 2019, and has not filed the annual report that was due on May 4, 2019, Ex. AA.

## II.   LEGAL ANALYSIS

Several attorneys and law firms represented, or were claimed by Comu to have represented, EarthWater throughout its existence. Because EarthWater is defunct, any privilege it held has ceased to exist.

### A.   A Corporation's Attorney-Client Privilege Dies with the Corporation.

Unlike for a natural person, when a corporation is defunct or dissolved, any legal privilege the corporation held dies with it. *S.E.C. v. Carrillo Huettel LLP*, 2015 WL 1610282, at *2 (S.D.N.Y. Apr. 8, 2015) (collecting cases); *see also Official Comm. of Admin. Claimants ex rel. LTV Steel Co., Inc. v. Moran*, 802 F. Supp. 2d 947, 949 (N.D. Ill. 2011) (weight of authority suggests attorney-client privilege does not survive death of corporation); *TAS Distrib. Co., Inc. v. Cummins Inc.*, 2009 WL 3255297, at *2 (C.D. Ill. Oct. 7, 2009) ("Absent some compelling reason to the contrary, the attorney client privilege does not survive the death of the corporation."); *City of Rialto v. U.S. Dept. of Defense*,

492 F. Supp. 2d 1193, 1197 (C.D. Cal. 2007) ("[A] dissolved corporation is not entitled to assert the attorney-client privilege."); *Gilliland*, 2006 WL 2642525, at *4 ("better rule" is that "the attorney-client privilege is no longer viable after a corporate entity ceases to function, unless party seeking to establish privilege demonstrates authority and good cause"); *Lewis v. United States*, 2004 WL 3203121, at *5 (W.D. Tenn. Dec. 7, 2004) ("The attorney-client privilege cannot be applied to a defunct corporation.").

That a corporation's privilege ceases after its demise reflects the recognized need to construe the attorney-client privilege narrowly. *See Fisher v. United States*, 425 U.S. 391, 403 (1976) (noting that because "the privilege has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose."); *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) (quoting *In re LTV Sec. Litig.*, 89 F.R.D. 595, 606 (N.D. Tex. 1981)) ("[B]ecause the privilege is 'an obstacle to truthseeking,' it must 'be construed narrowly to effectuate necessary consultation between legal advisors and clients.'"); *United States v. Robinson*, 121 F.3d 971, 975 (5th Cir. 1997) ("[T]he privilege is to be construed narrowly to apply only where its application would serve its purposes."). Courts have recognized that the rationale for maintaining the privilege after a natural person's death does not apply in the corporate context. *See City of Rialto*, 492 F. Supp. 2d at 1200 ("A dissolved corporation does not have the same concerns as a deceased natural person."); *Gilliland*, 2006 WL 2642525, at *4 ("No real purpose would be served by continuing the privilege after operations cease, as the corporation would no longer have any goodwill or reputation to maintain."). And there is

no reason to believe that the privilege's purpose—to encourage frank and open communication between clients and their lawyers—would be undermined by cancellation of the privilege upon corporate dissolution. *See Gilliland*, 2006 WL 2642525, at *4 ("The possibility that a corporation's management will hesitate to confide in legal counsel out of concern that such communication may become unprivileged after the corporation's demise is too remote and hypothetical to outweigh the countervailing policy considerations supporting discoverability.").

Moreover, unlike the family member or executor of a deceased person, after a corporation has gone out of existence, there is no one to speak on its behalf. *Carrillo Huettel*, 2015 WL 1610282, at *3. "As an inanimate entity, a corporation must act through agents." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985). Where a company has no agents, there is no one with authority to act as proxy for the corporation. *Carrillo Huettel*, 2015 WL 1610282, at *3 ("[O]nce a corporation is truly extinct, it has lost practical ability to assert the privilege.").

**B.     Any Attorney-Client Privilege EarthWater Previously Held Has Expired because It Is Defunct.**

"To determine whether a corporation has 'died,' courts should look to practical business realities rather than technical legal status." *Moran*, 802 F. Supp. 2d at 949. Courts have consistently held that a corporate entity is sufficiently defunct to abrogate any claim of privilege where it has ceased operating as a going concern and has no agents to represent its interests, regardless of whether it has been formally dissolved. *Gilliland*,

2006 WL 2642525, at *3–4 (holding that because companies without ongoing management had no authorized party to assert privilege, this was dispositive in finding that no enforceable privilege existed); *Lewis*, 2004 WL 3203121, at *4–5 (concluding that the "attorney-client privilege cannot be applied to a defunct corporation" where the corporation "is bankrupt and has no assets, liabilities, directors, shareholders, or employees"); *Lopes v. Vieira*, 688 F. Supp. 2d 1050, 1068 (E.D. Cal. 2010) (no privilege exists when a company "retains no known assets," "has no known corporate headquarters," "carries out no ongoing business," and "has not amended its California corporate registration to reflect a current address, managers, or agent for service of process").

As discussed above, all of EarthWater's officers and directors have resigned and no one has replaced them.  A corporation without managers cannot assert the attorney-client privilege.  *Gilliland*, 2006 WL 2642525, at *3-4; *United States v. Cox*, 2015 WL 13741738, at *4 (M.D. Fla. Oct. 7, 2015) ("That [the company] dissolved with no legal successor to maintain operations, and no remaining management with authority to handle the company's post-dissolution wind-up, only reinforces the notion that it has no privilege to protect").

In addition, EarthWater does not have any apparent ongoing business activities, and none of the alter ego entities has taken any steps to maintain active status in the state or country in which it is registered.  This further militates strongly in favor of finding that EarthWater is defunct for purposes of applying the attorney-client privilege.  *Lopes*, 688 F. Supp. 2d at 1068 (finding the policies underlying the privilege did not favor recognizing

that a company retained it, in part, because it had not amended its corporate registrations to reflect a current address, managers, or agent for service of process and was no longer pursuing its "corporate purpose").

Where courts have found that the privilege may survive a corporation's demise, it is typically because the corporation is going through bankruptcy proceedings, in which a trustee or successor entity is deemed to have inherited control of the corporation's privilege, or because the corporation is winding up its business.[10]  *See, e.g.*, *Weintraub*, 471 U.S. at 354 (holding that the bankruptcy trustee inherits control of the corporation's attorney-client privilege); *Moran*, 802 F. Supp. 2d at 949–50 (bankrupt company was not "completely defunct" because it was actively pursuing a claim in litigation through counsel); *Trading Technologies Int'l, Inc. v. GL Consultants, Inc.*, 2012 WL 874322, at *4 (N.D. Ill. Mar. 14, 2012) (drawing distinction between a "company that has ceased normal business operations but is still going through the windup process," which might be able to assert privilege, and a "completely defunct company," which cannot); *In re Hardwood P-G, Inc.*, 403 B.R. 445, 456 (Bankr. W.D. Tex. 2009) (Because "[a]ll of the debtors' assets . . . were transferred to the Litigation Trust . . . the Trustee became the holder of the

---

[10] There are also a handful of cases where diversity jurisdiction applies and the privilege issue thus turns on state law.  *See, e.g.*, *Natural-Immunogenics Corp. v. Newport Trial Group*, 2018 WL 6137633, at *9 (C.D. Cal. Apr. 23, 2018) (holding that, under Nevada state law, a dissolved company could continue to assert privilege during ongoing litigation); *Wallace v. Huntington Nat'l Bank*, 2010 WL 3603494, at *7 (S.D. Ohio Sept. 10, 2010) (construing Ohio law to permit a defunct corporation to continue to assert privilege).  Because this is a criminal case in which the federal courts have original jurisdiction, it is the federal law articulated above that controls, not any state law.

**U.S. v. Comu, et. al**
**Motion to Disclose Material to Defendants and Prosecution Team- Page 13**

debtors' attorney-client privilege."). EarthWater is not engaged in any windup or dissolution activities. It has simply ceased to exist.

### C. Defendants Lack Standing to Assert Attorney-Client Privilege on Behalf of EarthWater.

The defendants have no standing to assert the privilege on EarthWater's behalf. The party asserting the attorney-client privilege bears the burden of demonstrating its applicability. *Equal Employment Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017). The privilege at issue here belongs to the corporation and is controlled by the corporation's current management, if any. *See Weintraub*, 471 U.S. at 351. None of the defendants in this matter are currently officers or directors of EarthWater. Accordingly, they cannot assert the attorney-client privilege on its behalf. *See id.* at 351–54 (fact that individual officers of the expired entity may want the communications to remain confidential is not controlling; the privilege belonged to the entity, and only the active agents of the entity can control it); *Cox*, 2015 WL 13741738, at *2–4 (former corporate officer being criminally prosecuted cannot "resurrect" a dissolved corporation to assert the company's privilege).

### III. Conclusion

EarthWater is defunct and no claim of attorney-client privilege survives. Accordingly, the Court should allow the filter team to produce any material in its possession belonging to EarthWater to all of the defendants and the Government's prosecution team, including all information previously withheld as potentially privileged

material belonging to EarthWater.

                        Respectfully submitted,

                        ROBERT ZINK
                        CHIEF, FRAUD SECTION
                        Criminal Division, U.S. Department of Justice

                        //s// Amanda R. Vaughn
                        CHRISTOPHER FENTON
                        Trial Attorney
                        Christopher.Fenton@usdoj.gov
                        AMANDA R. VAUGHN
                        Trial Attorney
                        Amanda.Vaughn@usdoj.gov
                        Fraud Section, Criminal Division
                        United States Department of Justice
                        1400 New York Avenue, NW
                        Washington, D.C. 20005
                        Direct Line: (202) 514-0660/Fax: (202) 514-0152

                        ERIN NEALY COX
                        UNITED STATES ATTORNEY

                        Mary Walters
                        Assistant United States Attorney
                        Texas State Bar No. 24003138
                        1100 Commerce Street, Third Floor
                        Dallas, Texas 75242-1699
                        Telephone:   214-659-8600
                        Facsimile:   214-659-8812
                        Email:   mary.walters@usdoj.gov

CERTIFICATE OF CONFERENCE

I certify that, on or about January 29 and 30, 2020, I conferred by email with Daniel Hagood, counsel for defendant Cengiz Jan Comu; Keith Gore, counsel for defendant Harley E. Barnes, III; Arnold Spencer, counsel for Joe Edward Duchinsky; J. Joseph Mongaras, counsel for Russell Filippo; and Heath Hyde, counsel for Joseph Lucien Duplain, regarding the Government's motion. Mr. Mongaras stated he does not oppose receiving discovery, Mr. Hyde stated he does not oppose the motion, and Mr. Hagood, Mr. Gore, and Mr. Spencer stated they oppose the motion.

I further certify that, on or about January 29, 2020, I attempted to confer by email with David Finn, counsel for defendant John Mervyn Price, and Sally Goodman, counsel for Suzanne Aileen Gagnier, but did not receive a response by the time of filing.

/s/ Amanda R. Vaughn
Trial Attorney, U.S. Department of Justice

CERTIFICATE OF SERVICE

I certify that on January 30, 2020, I filed a true and correct copy of the foregoing with the Clerk of Court via ECF, which will provide notice to all counsel of record.

/s/ Amanda R. Vaughn
Trial Attorney, U.S. Department of Justice