IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:19-CR-112-K |
| CENGIZ JAN COMU (01) | |

### FACTUAL RESUME

In support of Cengiz Comu's plea of guilty to the offenses in Counts One through Twenty-three of the Superseding Indictment, Comu, the defendant, and Daniel Hagood, the defendant's attorney, stipulate and agree to the following:

### I. PLEA

The defendant understands that he has certain rights under the law, specifically: (1) the right to plead not guilty; (2) the right to a trial by jury; (3) the right to have one's guilt proven beyond a reasonable doubt; (4) the right to confront and cross-examine witnesses and to call in the defendant's defense; and (5) the right against self-incrimination.

The defendant has freely and voluntarily elected to waive these rights and enter pleas of guilty to the offenses alleged in the Superseding Indictment. There have been no guarantees or promises from anyone as to what sentence the Court will impose. Specifically, the defendant seeks to plead guilty to the following:

Count One: Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. §1349;

Counts Two through Eleven: Mail Fraud, in violation of 18 U.S.C. § 1341;

<u>Counts Twelve through Twenty-one:</u>  Wire Fraud, in violation of 18 U.S.C. § 1343; and

<u>Counts Twenty-two and Twenty-three:</u>  Money Laundering, in violation of 18 U.S.C. § 1957.

II.     **MAXIMUM PENALTIES FOR EACH OFFENSE**

The maximum penalties the Court can impose for Counts One through Twenty-one include the following:

a.  Imprisonment for a period not to exceed 20 years (for each count);

b.  A fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victims;

c.  A term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

d.  A mandatory special assessment of $100 (for each count);

e.  Restitution to victims or the community, which may be mandatory under the law; and

f.  Costs of incarceration and supervision.

The maximum penalties the Court can impose for Counts Twenty-two and Twenty-three include the following:

a.  Imprisonment for a period not to exceed 10 years (for each count);

b.  A fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victims;

c.  A term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

**Factual Resume**
Page 2 of 7

    d. A mandatory special assessment of $100 (for each count); and

    e. Costs of incarceration and supervision.

## III. COURT'S SENTENCING DISCRETION

The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw his plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

## IV. ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Indictment, charging a violation of 18 U.S.C. § 1349, that is, conspiracy to commit mail and wire fraud, the government must prove each of the following elements beyond a reasonable doubt:[1]

    *First.*    That the defendant and at least one other person made an agreement to commit the crimes of mail and wire fraud as charged in the Superseding Indictment; and

    *Second.*    That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

---

[1] Adapted from Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2015) (Conspiracy to Commit Offense, 18 U.S.C. § 371); 18 U.S.C. § 1349.

**Factual Resume**
**Page 3 of 7**

To prove the offense of mail fraud, a violation of 18 U.S.C. § 1341, which is one of the underlying offenses charged in Count One and the substantive offenses charged in Counts Two through Eleven of the Superseding Indictment, the government must prove each of the following elements beyond a reasonable doubt:[2]

| | |
|---|---|
| *First.* | That the defendant knowingly devised or intended to devise a scheme to defraud, that is to fraudulently induce victim investors to purchase stock in a company named EarthWater Limited ("EarthWater"); |
| *Second.* | That the scheme to defraud employed false material representations; |
| *Third.* | That the defendant caused something to be sent through a private or commercial interstate carrier for the purpose of executing such scheme or attempting so to do; and |
| *Fourth.* | That the defendant acted with a specific intent to defraud. |

To prove the offense of wire fraud, a violation of 18 U.S.C. § 1343, which is one of the underlying offenses charged in Count One and the substantive offenses charged in Counts Twelve through Twenty-one of the Superseding Indictment, the government must prove each of the following elements beyond a reasonable doubt:[3]

| | |
|---|---|
| *First.* | That the defendant knowingly devised or intended to devise a scheme to defraud, that is to fraudulently induce victim investors to purchase stock in a company named EarthWater Limited ("EarthWater"); |
| *Second.* | That the scheme to defraud employed false material representations; |
| *Third.* | That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate commerce, any writing for the purpose of executing such scheme; and |
| *Fourth.* | That the defendant acted with a specific intent to defraud. |

---

[2] Fifth Circuit Pattern Jury Instruction 2.56 (5th Cir. 2015).

[3] Fifth Circuit Pattern Jury Instruction 2.57 (5th Cir. 2015).

**Factual Resume**
**Page 4 of 7**

To prove the offenses alleged in Counts Twenty-two and Twenty-three of the Superseding Indictment, that is money laundering, a violation of 18 U.S.C. § 1957, the government must prove each of the following elements beyond a reasonable doubt:[4]

| | |
|---|---|
| *First.* | That the defendant knowingly engaged or attempted to engage in a monetary transaction; |
| *Second.* | That the monetary transaction was of a value greater than $10,000; |
| *Third.* | That the monetary transaction involved criminally derived property; |
| *Fourth.* | That the criminally derived property was derived from specified unlawful activity; |
| *Fifth.* | That the defendant knew that the monetary transaction involved criminally derived property; and |
| *Sixth.* | That the monetary transaction took place within the United States. |

## V.     **STIPULATED FACTS**

Starting in or about 2013 and continuing to at least May 2019, within the Northern District of Texas, the defendant Cengiz Jan Comu ("Comu") served as the Chief Executive Officer of a private startup company known as EarthWater. This company marketed and sold products throughout the United States and elsewhere. Throughout Comu's tenure as CEO, Comu and others sought investment from institutional and accredited investors in order to provide EarthWater with working capital to grow the company and take it public. Different Private Placement Memorandums ("PPM") were created to assist in the capital raises. According to the PPMs issued by EarthWater,

---

[4] Fifth Circuit Pattern Jury Instruction 2.77 (5th Cir. 2015).

EarthWater informed potential investors that 90% of any invested funds would be used for new product inventory, support for global foreign expansion, product inventories, marketing, working capital, and professional fees. The PPM also stated EarthWater "expected" or "intended" to not pay more than 10% of gross investor funds as "placement fees" (i.e. commissions) to any broker-dealer related to the investors investment in EarthWater.

Comu stipulates and admits that he authorized the payment of placement fees to some broker-dealers that were above and beyond 10%. Comu further stipulates and admits that paying more than 10% of the gross investor funds to these broker-dealers was a material fact that was not disclosed to the affected investors.

Comu further stipulates and admits that he knowingly combined, conspired, confederated, and agreed together with others to knowingly and willfully devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and for the purpose of executing and attempting to execute the scheme and artifice to defraud did knowingly and willfully use the mail and/or wires, all in violation of 18 U.S.C. §§ 1341, 1343, and 1349.

[NOTHING FURTHER ON THIS PAGE]

Comu further stipulates and admits that he knowingly engaged or attempted to engage in monetary transactions that were greater than $10,000, which involved criminally derived property from specified unlawful activity, to wit: investor funds obtained via mail/wire fraud as described above. This was all done in violation of 18 U.S.C. § 1957.

Stipulated and agreed to on __20 Feb__, 2020.

_____  
CENJIZ JAN COMU  
Defendant

_____  
DANIEL HAGOOD  
Attorney for Defendant