IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CENGIZ JAN COMU (01)<br>RICHARD LAURENCE KADISH (04)<br>RICHARD LAWRENCE GREEN (05)<br>_____ | Criminal Nos.<br>3:19-CR-112-K |
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONALD ANDREW ROTHMAN (01) | 3:19-CR-437-K |

## GOVERNMENT'S MOTION TO CONTINUE SENTENCING

The government respectfully moves this Court to continue the sentencings currently scheduled in Case Numbers 3:19-CR-112-K and 3:19-CR-437-K until forty-five (45) days following the conclusion of trial in Case Number 3:19-CR-112-K.  The government also respectfully moves this Court to continue all accompanying dates relating to presentence reports.   In support, the government states the following:

1.     Defendants Richard Laurence Kadish, Richard Lawrence Green, and Donald Andrew Rothman each have entered into a plea agreement with the government and pleaded guilty.   Sentencing for Kadish, Green and Rothman is currently scheduled for May 13, 2020.

**U.S. v. Comu, et. al**
**Government's Motion to Continue Sentencing - Page  1**

2.     Defendant Cengiz Jan Comu has pleaded guilty, but did not enter into a plea agreement with the government.  Sentencing for Comu is currently scheduled for July 8, 2020.

3.     Defendant John Mervyn Price submitted a factual resume pleading guilty to all twenty-two counts with which he is charged in the Superseding Indictment in Case No. 3:19-CR-112-K, but did not enter into a plea agreement with the government.  The plea hearing for Price was scheduled for April 14, 2020, but was later cancelled pursuant to Special Order 13-6.  The plea hearing for Price has not yet been rescheduled.

4.     Trial is scheduled to begin on January 19, 2021 for the remaining defendants, namely Harley E Barnes, III, Suzanne Aileen Gagnier, Joe Edward Duchinsky, Joseph Lucien Duplain, and Russell Filippo.

5.     The government asks the Court to continue sentencing for Kadish, Green, Rothman and Comu, until forty-five (45) days after the conclusion of trial.

6.     Scheduling sentencing for all of the defendants who already pleaded guilty for a date after the conclusion of the trial against the remaining defendants would allow the government to make the most efficient sentencing presentation to the Court and allow the Court to sentence all of the defendants in these cases with the benefit of a complete record.

7.     Scheduling sentencing for a date after the conclusion of trial also would impose the least amount of burden on the government's witnesses, many of whom are elderly victims.  The government anticipates that, at sentencing, Comu will contest

various allegations in the superseding indictment and the applicability of various sentencing enhancements. Were Comu's sentencing scheduled for a date before trial, the government would call witnesses to testify at Comu's sentencing hearing who it would also expect to call again at trial – including elderly victims. Most, if not all, of these elderly victims reside outside of Texas and will need to travel on a commercial airplane. Scheduling sentencing after the conclusion of trial would allow these elderly victims to make only one trip to testify, rather than two trips (or, if Price were not sentenced until after July 8, 2020, three trips).

8. Moreover, in light of the fact that: (i) travel by commercial airplane presents a material risk of exposure to COVID-19; and (ii) individuals who are 65 years old or older face unique medical risks if they contract COVID-19, the government believes it would be more safe for elderly victims to testify after the conclusion of the January 19, 2021 trial rather than on July 8, 2020.

9. Counsel for the government conferred with William Hermesmeyer, counsel for defendant Richard Laurence Kadish, Franklyn Mickelsen, counsel for defendant Richard Lawrence Green, and Fred Schwartz, counsel for defendant Donald Andrew Rothman, via email on or about April 10, 2020, regarding the government's motion. Each informed undersigned counsel for the government that he did not oppose the motion. Counsel for the government conferred with Daniel Hagood, counsel for Cengiz Jan Comu, via email on or about April 13, 2020. Mr. Hagood informed undersigned counsel for the government that he did oppose the motion.

CONCLUSION

Having shown good cause, the government respectfully requests that the Court continue all scheduled sentencings until forty-five (45) days after the conclusion of the trial and also reschedule the accompanying dates relating to presentence reports.

Respectfully submitted,

ROBERT ZINK
CHIEF, FRAUD SECTION
Criminal Division, U.S. Department of Justice

//s// Christopher Fenton
CHRISTOPHER FENTON
Trial Attorney
christopher.fenton@usdoj.gov
AMANDA R. VAUGHN
Trial Attorney
amanda.vaughn@usdoj.gov
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 514-0561
Fax: (202) 514-0152

ERIN NEALY COX
UNITED STATES ATTORNEY

Mary Walters
Assistant United States Attorney
Texas State Bar No. 24003138
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8600
Facsimile:   214-659-8812
Email:   mary.walters@usdoj.gov

CERTIFICATE OF CONFERENCE

I certify that I conferred with William Hermesmeyer, counsel for defendant Richard Laurence Kadish, Franklyn Mickelsen, counsel for defendant Richard Lawrence Green, and Fred Schwartz, counsel for defendant Donald Andrew Rothman, via email on or about April 10, 2020, regarding the government's motion. Counsel for Kadish, Green and Rothman each told me that he did not oppose it. Counsel for the government conferred with Daniel Hagood, counsel for Cengiz Jan Comu, via email on or about April 13, 2020. Mr. Hagood informed undersigned counsel for the government that he did oppose the motion.

       /s/ Christopher Fenton
Trial Attorney, U.S. Department of Justice


CERTIFICATE OF SERVICE

I certify that on April 13, 2020, I filed a true and correct copy of the foregoing Government's Motion to Continue Sentencing with the Clerk of Court via ECF, which will provide notice to counsel of record for all defendants in these actions.

       /s/ Christopher Fenton
Trial Attorney, U.S. Department of Justice