IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Nos. |
| v. | 3:19-CR-112-K |
| CENGIZ JAN COMU (01) | |
| JOHN MERVYN PRICE (02) | |
| RICHARD LAURENCE KADISH (04) | |
| RICHARD LAWRENCE GREEN (05) | |
| _____ | 3:19-CR-437-K |
| UNITED STATES OF AMERICA | |
| v. | |
| DONALD ANDREW ROTHMAN (01) | |

UNITED STATES' MOTION TO CONSOLIDATE SENTENCINGS

The government respectfully moves the Court to consolidate the five sentencings currently scheduled in Case Numbers 3:19-CR-112-K and 3:19-CR-437-K, and schedule them for a date in November 2020 (when three of the five sentencings are already scheduled), or after the conclusion of the January 2021 trial in Case No. 3:19-CR-112-K.

In support, the government states the following:

1.      On April 13, 2020, the government moved to continue the sentencings of Defendants Cengiz Jan Comu, Richard Laurence Kadish, Richard Lawrence Green, and Donald Andrew Rothman to a date after the January 2021 trial in Case No. 3:19-CR-112-K.   (ECF No. 267.)   Defendants Kadish, Green, and Rothman did not oppose the motion.

**U.S. v. Comu, et. al**
**United States' Motion to Consolidate Sentencings - Page 1**

Defendant Comu did oppose the motion.   (ECF No. 278.)

2.      On April 21, 2020, the Court granted in part the government's motion and scheduled sentencing for Defendants Kadish, Green, and Rothman for November 18, 2020.

3.      On June 12, 2020, the Court denied as moot the government's motion with respect to Defendant Comu and, for reasons other than those offered in the government's motion, scheduled Defendant Comu's sentencing for September 16, 2020.

4.      On June 11, 2020, Defendant John Mervyn Price pled guilty to the indictment in Case No. 3:19-cr-112-K without a plea agreement with the government.   His sentencing is currently scheduled for October 7, 2020.   U.S. Probation's pre-sentence report was issued on August 5, 2020 and the parties' objections are due on September 2, 2020.

5.      Each of the defendants pending sentencing were integral members of a years-long investment fraud scheme involving millions of dollars and hundreds of victims. Accordingly, the expansive set of facts the Court will have to consider with respect to each of their sentences are the same.

6.      While Defendants Kadish, Green, and Rothman have pled guilty pursuant to agreements with the government and fully admitted their roles in the scheme, neither Defendants Comu nor Price pled guilty pursuant to any agreement or agreed-to set of facts and the government anticipates that the sentencing proceedings for each will be contested and require lengthy presentations of the same facts from the parties.

7.      Defendant Comu has already demonstrated his intention to contest almost every enhancement applicable to his conduct.   He submitted over seventy pages of

**U.S. v. Comu, et. al**
**United States' Motion to Consolidate Sentencings - Page  2**

objections to his pre-sentence report and he has never demonstrated agreement with even the most basic facts about his conduct, such as his role at EarthWater, knowledge of the victims to whom he sold EarthWater stock or the amount of EarthWater stock sold.

8.      Given the overlap of the underlying facts necessary to determine each defendant's sentence, and the likelihood that two sentencings will be highly contested, requiring this Court to consider the same evidence multiple times, the government requests that the Court consolidate the sentencings for defendants Comu, Price, Kadish, Green, and Rothman, and schedule them for November 18, 2020 (when three of the five sentencings are already scheduled).

9.      Consolidating the sentencings will allow this Court to save time and resources by requiring the parties to present the facts and arguments only once in order for the Court to have a complete record upon which to make its sentencing determinations.

10.     Consolidating the sentencings will also provide the best opportunity for the hundreds of victims of the defendant's scheme, many of whom are elderly, to exercise their rights to appear in person, if they choose, and be heard.  *See* 18 U.S.C. § 3771(a) (articulating crime victims' rights to not to be excluded from public hearings and to be heard at any public hearing); Fed. Rule Crim. Proc. 32(i)(4)(B) ("Before imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard.").  Here, the defendants who will be sentenced victimized hundreds of individuals who reside throughout the United States and abroad.   The defendants specifically targeted the elderly as part of their fraudulent scheme

and, as a result, many of these victims are in their 70s, 80s, or 90s.   Requiring the victims who wish to exercise their right to attend in person to travel to Texas for three different sentencing dates during the COVID-19 pandemic likely poses significant obstacles to many of them.   By contrast, scheduling the five hearings for one date, later in the year, increases the likelihood that victims will have the opportunity to safely travel to Texas, when there is a meaningful chance that the number of COVID-19 cases in Texas is substantially lower than it is today.

11.     If consolidating the sentencings to November 18, 2020, is not feasible, the government renews its request to consolidate the sentencings to a date after the January 2021 trial.   As noted in the government's prior motion, at that time, Defendants Rothman, Kadish, and Green did not oppose a sentencing at this later date.   Defendant Comu did oppose moving his sentencing to a date after the January trial, but the Court ultimately did not decide the motion with respect to Comu.   The government still believes a sentencing date after the January 2021 trial would be appropriate for the reasons stated in its prior motion.

12.     Consolidating the sentencings to November 2020, which will require a two month and one month delay in sentencing for Comu and Price, respectively, or moving the sentencings to after trial which will require anywhere from a three month to five month delay for the various defendants, will not prejudice them.   The Supreme Court has held that the Sixth Amendment does not provide a guarantee of speedy sentencing.   *Betterman v. Montana*, 578 U.S. ___, 136 S. Ct. 1609 (2016).   The Court did leave open the

possibility that due process may prohibit substantial, prejudicial delays, *id.* at 1618 n.12, but any delay required to consolidate the sentencings here falls far short of raising a due process concern when considering the factors articulated by the Supreme Court:

    a.  The length of delay would be brief, ranging from one to five months.

    b.  The reason for the delay would be to allow the Court to sentence many similarly situated defendants at one time, and to allow victims – including elderly victims – the best opportunity to safely travel to Texas should they wish to be present and be reasonably heard at the sentencing before the Court imposes its sentence.

    c.  The Guidelines range applicable to each defendant places the appropriate sentence well beyond any time they may serve awaiting a brief delay in sentencing, such that they suffer no prejudice by the delay.   Indeed, Comu's advisory Guidelines range is "life."

*See id.*[1]

## CONCLUSION

Having shown good cause, the government respectfully requests that the Court consolidate the five sentencings currently scheduled in Case Numbers 3:19-CR-112-K and 3:19-CR-437-K, and schedule the hearing for November 18, 2020 (when three of the five sentencings are already scheduled), or after the conclusion of the January 2021 trial in Case No. 3:19-CR-112-K.

---

[1] In his previous opposition, Defendant Comu claimed he was prejudiced because he did not want to remain in Dallas County Jail, ECF No. 268—where he was transported due to his claims that he could not access sufficient medical care at the facility at which he previously was held.   To the extent Comu continues to make this argument here, the government is aware of no law providing detained individuals the right to be held at the facility of their choosing.

Respectfully submitted,

ROBERT ZINK
CHIEF, FRAUD SECTION
Criminal Division, U.S. Department of Justice

//s// Christopher Fenton
CHRISTOPHER FENTON
Trial Attorney
christopher.fenton@usdoj.gov
AMANDA R. VAUGHN
Trial Attorney
amanda.vaughn@usdoj.gov
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 320-0539
Fax: (202) 514-0152

ERIN NEALY COX
UNITED STATES ATTORNEY

Mary Walters
Assistant United States Attorney
Texas State Bar No. 24003138
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8600
Facsimile:   214-659-8812
Email:   mary.walters@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that I conferred with David Finn, counsel for defendant John Mervyn Price; William Hermesmeyer, counsel for defendant Richard Laurence Kadish; Franklyn Mickelsen, counsel for defendant Richard Lawrence Green; Fred Schwartz, counsel for defendant Donald Andrew Rothman; and Daniel Hagood, counsel for defendant Cengiz Jan Comu, via email and/or telephone on or about August 21, 2020 and August 24, 2020, regarding the government's motion.   Counsel for Price, Green and Rothman each told me that he did not oppose it.   Counsel for Kadish informed undersigned counsel that he did not oppose the request to consolidate the sentencings but did oppose any request by the government to move sentencing from November 2020 (when his sentencing is currently scheduled) to after the January 2021 trial.   Counsel for Comu informed undersigned counsel for the government that he did oppose the motion.

_____/s/ Christopher Fenton_____
Trial Attorney, U.S. Department of Justice

## CERTIFICATE OF SERVICE

I certify that on August 24, 2020, I filed a true and correct copy of the foregoing United States' Motion to Consolidate Sentencings with the Clerk of Court via ECF, which will provide notice to counsel of record for all defendants in these actions.

_____/s/ Christopher Fenton_____
Trial Attorney, U.S. Department of Justice